**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-7045**

_____

MARION LAMONT SHERROD,

        Plaintiff - Appellant,

        v.

SID HARKLEROAD, Superintendent at North Carolina Department
of Corr.; EDWARDS; STEPHEN SHOOK, Stg. Officer at North
Carolina Department of Corr.; PATRICIA MCENTIRE, E-Unit
Manager at North Carolina Dept. of Correction; MARGARET
JOHNSON, Nurse at North Carolina Department of Corr.,

        Defendants - Appellees,

        and

JOHN MORGAN, Medical Provider at North Carolina Department
of Corr.; LARRY BASS,

        Defendants.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Robert J. Conrad,
Jr., District Judge. (1:12-cv-00048-RJC)

_____

Submitted: November 30, 2016        Decided: January 3, 2017

_____

Before MOTZ, FLOYD, and HARRIS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Marion L. Sherrod, Appellant Pro Se.  Kimberly D. Grande, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marion Lamont Sherrod, a North Carolina inmate, filed a 42 U.S.C. § 1983 (2012) complaint in the district court alleging claims against various North Carolina prison Defendants. Sherrod's primary claim was that, despite notice to Defendants that he suffered from seizures, he was housed in an upstairs cell in a top bunk and, as a result, he fell, seriously injuring himself; he alleged this was evidence of an Eighth Amendment violation and deliberate indifference to his serious medical needs. The district court granted the Defendants' motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), finding that Sherrod's complaint failed because he simply assumed in his complaint, without sufficient factual support, that all of the Defendants had intimate knowledge about his seizure disorder. For the foregoing reasons, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

We review a district court's dismissal under Rule 12(c) de novo, applying the same standard we would to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 591 (4th Cir. 2004). Accordingly, we assume all facts alleged are true and draw all reasonable inferences in favor of the plaintiff to determine whether the complaint alleges a set of facts

3

sufficient to state a claim that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Attached to Sherrod's complaint were a declaration and related exhibits. In his properly executed declaration, Sherrod alleged that medical provider John Morgan and manager Patricia McEntire, both named Defendants, had knowledge of his seizure disorder but failed to accommodate his disability, leading to his serious injuries due to a fall. We make no finding as to whether Sherrod ultimately may prove an Eighth Amendment violation against the Defendants, see Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Iko v. Shreve, 535 F.3d 225, 238-39 (4th Cir. 2008), but find that he alleged enough to survive the Defendants' motion for judgment on the pleadings. Accordingly, we vacate and remand for proceedings consistent with this opinion. We deny Sherrod's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

4